IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**DuClaw Brewery, LLC**
8901 Yellow Brick Road
Baltimore, MD 21237

       Plaintiff.  :  Civil Action No.: _____

v.

**Left Hand Brewing Company, Inc.**
1265 Boston Avenue
Longmont, Colorado 80501

       Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, DuClaw Brewery, LLC, ("DuClaw"), by and through its undersigned counsel, files this Complaint for trademark infringement, unfair competition and common law injury to business reputation, and seeks a Preliminary Injunction, Permanent Injunction, and Damages, against Left Hand Brewing Company, Inc. ("Left Hand").

### NATURE OF THE CASE

1. This is a civil action under the Trademark Laws of the United States, 15 U.S.C.§ 1051 *et seq.*, for trademark and trade dress infringement and trademark dilution pursuant to § 43(a) and § 32 of the Trademark Act of 1946 (the Lanham Act), as amended, 15 U.S.C. § 1125(c) and § 1114.

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM

## THE PARTIES

2. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Maryland, with its corporate offices located at 8901 Yellow Brick Road, Baltimore, MD 21237

3. Upon information and belief, Defendant Left Hand is a Colorado corporation with its principal place of business located at 1265 Boston Avenue, Longmont, Colorado 80501. Defendant Left hand operates a brewery that distributes beer to the state of Maryland.

## JURISDICTION AND VENUE

4. The Jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1338(a) as a federal question pertaining to trademarks.

5. This Court has personal jurisdiction over the Defendant in that Defendant transacts and solicits business in this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) has committed continuous acts of infringement here as it distributes its beer product in the State of Maryland through its agent Legends, Ltd. ("Legends"), of Maryland.

## ALLEGATIONS OF FACT

7. DuClaw has been engaged in the brewing business since 1995.

8. DuClaw owns over thirty registered trademarks corresponding with its beer products.

9. Inclusive of DuClaw's registered trademarks are the marks "Sawtooth" and "Black Jack Stout" (U.S. Registration No's. 2571434 and 2571432, respectively.)

10. Plaintiff's mark, Black Jack Stout was first used in November 1998 and received registration on May 21, 2002.(See Exhibit A)

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM

11. Plaintiff's mark Sawtooth was first used in November 1998 and received registration on May 21, 2002. (See Exhibit B)

12. The foregoing registrations are valid, subsisting and remain in full force and effect.

13. Pursuant to 15 U.S.C. § 1065, the aforesaid registrations have become incontestable.

14. Information from the United States Patent and Trademark Office regarding the registrations cited in this paragraph is attached hereto as Exhibit's A & B.

15. As a result of the care and skill exercised by Plaintiff in the conduct of its brewing and restaurant business, the high quality of Plaintiff's micro-brewing products, the unique nature of its marks Sawtooth and Black Jack Stout, and the extensive advertising, sale and promotion of its micro-beers, Plaintiff's Marks are inherently distinctive in the micro brewing industry and marketplace.

16. Plaintiff's distribution of its Sawtooth and Black Jack Stout micro-brews have gained progressive success in the market place due to the extensive nature of the advertising, branding and promotion that Plaintiff has invested in its Marks.

17. Based upon information and belief, Defendant has not sold its product bearing the Sawtooth and Black Jack names continuously in the state of Maryland to establish common law rights.

18. Based upon information and belief, Defendant has not sold its product bearing the Sawtooth and Black Jack names with the wide spread distribution in the state of Maryland required to establish common law rights.

19. Based upon information and belief, Defendant's products bearing the names Sawtooth and Black Jack have not received the necessary public association with the aforementioned marks to establish common law rights in Maryland.

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM

## DEFENDANTS WRONGFULL ACTS

20. Based upon information and belief Defendant began selling its Sawtooth and Black Jack beers in the state of Maryland subsequent to Plaintiff registering its Marks for its Sawtooth and Black Jack Stout beers.

21. Based upon information and belief, Defendant began selling its beers using the now infringing marks via Legends.

22. The significance of the Defendant entering into Maryland is that Plaintiff is based out of Maryland and after successful and expensive marketing campaign's, its products using the uncontested, registered marks Sawtooth and Black Jack Stout enjoy a strong reputation among Maryland consumers.

23. On or about October 19, 2010 Plaintiff contacted Defendant and requested that it cease and desist the use of its current names for its beers Sawtooth and Black Jack.

24. To date the parties have been unable to resolve the dispute over the expansion of Defendants infringing Sawtooth and Black Jack beers.

25. Based upon information and belief, Defendant continues to sell its product using the infringing marks Sawtooth and Black Jack without common law rights in the State of Maryland.

## COUNT I
### Trademark Infringement Under Lanham Act

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 of this Complaint inclusive of this Count I and incorporates them herein.

27. By the aforesaid acts, Defendant has infringed upon Plaintiff's Federal trademark rights described by its trademark registrations, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM

28. Defendant's acts have been willful and in conscious disregard of Plaintiff's Federal trademark rights.

29. Plaintiff has suffered, is suffering and will continue to suffer irreparable harm for which Plaintiff has no adequate remedy at law.

30. Plaintiff is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendant's further infringement.

31. Further, Plaintiff is entitled to damages and enhanced damages in an amount to be determined at trial.

## COUNT II
### Unfair Competition Under Lanham Act

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 of this Complaint inclusive of this Count II and incorporates them herein.

33. Defendant's use of Plaintiff's registered uncontested marks Sawtooth and Black Jack, to promote, market, and sell its products in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a).

34. Defendant's use of Plaintiff's marks will likely cause confusion, mistake and deception among consumers.

35. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM

## COUNT III
### Common Law Injury To Business Reputation

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 of this Complaint inclusive of this Count III and incorporates them herein.

37. Plaintiff alleges that Defendant's wrongful use of Plaintiff's registered and uncontested marks inures to and creates a likelihood of injury to Plaintiff's business reputation.

38. Plaintiff alleges that persons encountering Plaintiff and its products will believe that Plaintiff is affiliated with or related to or has approved of the use of the marks in question, and any adverse reaction by the public to Defendant and the quality of its products and the nature of its business will injure the business reputation of Plaintiff and the goodwill it enjoys in connection with its aforementioned marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DuClaw respectfully requests that this Court grant the following relief against Defendant Left Hand Brewing Company:

A. An order permanently enjoining and restraining Defendant and all agents, distributors, servants, employees, and other persons in active concert or participation with Defendant from the use, sale and promotion of its beers named Sawtooth and Black Jack outside its common law rights, if any;

B. That Defendant be Ordered to deliver up for destruction any and all materials in its possession, control or custody, including, but not limited to any signs, packaging, product, forms, advertisements, business cards, letterheads, circulars, boxes serving material and/ or other representations and means for producing the same that

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM

make reference to or use any designation or mark that is confusingly similar to Plaintiff's Federal marks Sawtooth and Black Jack Stout outside Defendant's common law rights, if any, at the time of Plaintiff's Federal registration of the Marks in question;

      C.    An award of damages pursuant to 15 U.S.C. § 1117(a), including Defendant's profits, damages sustained by Plaintiff, and costs of the action;

      D.    For a finding that this is an exceptional case pursuant to the Lanham Act and an award of reasonable attorney fees;

      E.    Reasonable attorney fees, investigatory fees, and expenses, together with prejudgment interest; and

      F.    Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury.

Dated this 24th day of March 2014.

Respectfully submitted,

ROBINSON | ROBINSON LLC

/s/ George S. Robinson, IV
George S. Robinson, IV
Federal Bar #: 014011
139 N. Main Street, Suite 101
Bel Air, Maryland 21014
P: 443-371-7248
F: 443-372-7275

Attorney for Plaintiff.

ROBINSON | ROBINSON LLC
ATTORNEYS AT LAW
139 N. Main Street
Suite 101
Bel Air, Maryland 21014
TEL: 443-371-7248
FAX: 443-371-7275
WWW.2RLAW.COM